**JAMES RIVER FLOOD CONTROL ASSO-CIATION; Raymond Braun; Alfred Locken; William Oliver, Appellees,**

v.

**James WATT, Secretary, United States Department of Interior, both individually and in his official capacity; Cliff Barrett, Acting Commissioner, Water and Power Resources Service, both individually and in his official capacity; D. L. Krull, Project Manager, Water and Power Resources Service, both individually and in his official capacity, Appellants.**

**Board of Directors, Garrison Diversion Conservancy District, Appellant.**

Nos. 82–1619, 82–1629.

United States Court of Appeals, Eighth Circuit.

June 17, 1982.

Murray Sagsveen, Asst. Atty. Gen., Zuger & Bucklin, Bismarck, N. D., for Garrison Diversion Cons. Dist.

Thomas E. Klinkel, Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, S. D., for appellees.

Charles Dayton, Pepin, Dayton, Herman, Graham & Getts, Minneapolis, Minn., for amicus, Nat. Audubon Soc.

Martin W. Matzen, Atty., Appellate Section, Land & Natural Resources Div., U. S. Dept. of Justice, Washington, D. C., for Federal appellants.

ORDER

Before LAY, Chief Judge, and BRIGHT and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

James Watt, Secretary, United States Department of Interior, et al. (the United States) and the board of directors of the Garrison Diversion Conservancy District (the Conservancy District) move this court for a stay pending appeal of the preliminary injunction entered at the request of the James River Flood Control Association (the Association).[1] We grant the motions.

On May 18, 1982, the district court entered a preliminary injunction barring acquisition of land and construction in the West Oakes area of North Dakota pending the outcome of proceedings on the Association's complaint regarding the inadequacy of the Environmental Impact Statement for the Garrison Diversion Unit, and related claims. The preliminary injunction effectively barred construction of the Oakes Pumping Station, a portion of the Garrison Diversion Unit in North Dakota. Both the United States and the Conservancy District moved the district court for a stay pending appeal. By order dated May 20, 1982, the district court denied the United States' motion without comment.[2] Both parties then moved this court for a stay pursuant to Fed.R.App.P. 8(a).

■ The party seeking a stay pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest. *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 207 n.2 (8th Cir. 1976). The appellants have met their burden.

Initially, we observe that the district court's order does not comply with the requirements of Fed.R.Civ.P. 52(a), which directs the district court to find facts specially and state separately its conclusions of law in granting or denying a preliminary injunction. *See* Fed.R.Civ.P. 52(a). The order issued in this case applies in a conclusory manner the requirements for granting a preliminary injunction set forth by this court in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The order contains no support for the district court's determination that the Association will likely succeed on the merits, nor any factual basis for the conclusion that the Association or the public will suffer irreparable harm if construction proceeds during the pendency of this action in the district court.

■ From the affidavits and supporting documents submitted by the United States and the Conservancy District, it appears that the United States may suffer irreparable injury unless this court grants the stay because it could lose its opportunity to begin the project this season, a delay that would also prevent construction on indoor portions of the station during the winter months. In addition, no individual landowner would sustain immediate or irreparable harm by allowing construction because the initial operation of the project will not begin until 1987. Finally, granting the stay serves the public interest by avoiding delay that would inevitably add to the cost of the

---

1. The National Audubon Society filed a brief as amicus curiae and joined the Association in arguing against the stay.

2. The district court apparently never ruled on the motion by the Conservancy District.

project, requiring greater expenditures from the public treasury.

The legal issues raised in this lawsuit are serious. Without expressing an opinion on the merits of the Association's claims, however, we determine that the balance of equities favors the United States. *See Dataphase Systems, Inc. v. C L Systems, Inc., supra,* 640 F.2d at 113. We therefore conclude that the district court injunction should be stayed.

We therefore stay the district court's order granting the preliminary injunction. Because the district court will decide the merits of the Association's claims in the near future, we defer consideration of the appeals from the preliminary injunction until the district court enters its final decision. The district court should expedite its decision on the merits, after which the parties may petition this court for an expedited appeal. This court may then consider both the propriety of the preliminary injunction and the merits of any appeal from the final judgment in this action.