992 F.2d 145
 37 ERC 1596
 ARKANSAS PEACE CENTER; Environmental Health Association of
Arkansas; Jacksonville Mothers' and Children's Defense
Fund; Vietnam Veterans of America, Arkansas State Chapter;
Mothers Air Watch, Plaintiffs-Appellees,
v.
ARKANSAS DEPARTMENT OF POLLUTION CONTROL and Ecology,
Randall Mathis, Director; United States
Environmental Protection Agency, William
H. Reilly, Administrator; Defendants,
Vertac Site Contractors; Defendant-Appellant,
Arkansas Attorney General, Defendant.
 Nos. 93-1447, 93-1516, 93-1518.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 17, 1993.
Decided April 2, 1993.
Rehearing and Rehearing En Banc Denied May 7, 1993.
 
 Daniel J. Dunn, Denver, CO (Edward J. McGrath and Colin G. Harris, and Jim L. Julian and Janie W. McFarlin, Little Rock, AR, on the brief), for defendant-appellant Vertac Site.
 David C. Shilton, Dept. of Justice, Washington, DC, argued (John A. Bryson, Ronald Spritzer and Alice Mattice, and Lawrence E. Starfield and Dawn M. Messier, on the brief), for defendant-appellant EPA.
 Mick G. Harrison, Washington, DC, argued (Richard E. Condit, Washington, DC, and Gregory Ferguson, Little Rock, AR, on the brief), for plaintiffs-appellees Arkansas Peace Center.
 Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Defendants Environmental Protection Agency (EPA), the Arkansas Department of Pollution Control and Ecology (ADPCE) and Vertac Site Contractors (Vertac) move this court to continue a temporary stay pending appeal of a preliminary injunction entered at the request of plaintiffs Arkansas Peace Center, Environmental Health Association of Arkansas, Jacksonville Mothers' & Children's Defense Fund, Vietnam Veterans of America Arkansas State Chapter, and Mothers Air Watch shutting down a hazardous waste incinerator located at the Vertac site near Jacksonville, Arkansas. Arkansas Peace Center v. Arkansas Department of Pollution Control & Ecology, No. LR-C-92-684, 1993 WL 95654 (E.D.Ark. Mar. 17, 1993). For the reasons discussed below, we dismiss the interlocutory appeals (Nos. 93-1447, 93-1516, 93-1518) of the amended TRO as moot, treat the motions to continue the stay as motions for stay pending appeal, and grant the motions for stay pending appeal of the preliminary injunction.
 
 
 2
 Some background is necessary to understand the procedural posture of these appeals. On October 28, 1992, plaintiffs filed an action against defendants in federal district court to stop the incineration of hazardous wastes contaminated with dioxin at the Vertac site in Jacksonville, Arkansas. Plaintiffs alleged the incineration was proceeding in violation of certain federal and state regulations concerning incinerator performance and that incineration would pose an imminent and substantial endangerment to public health and the environment. Plaintiffs sought declaratory and injunctive relief to stop the incineration and to require EPA and ADPCE to prepare a remedial investigation and feasibility study to determine treatment and disposal options other than incineration for the hazardous wastes stored at the Vertac site. On October 30, 1992, the district court granted in part plaintiffs' request for a TRO. The district court did not enjoin incineration of the so-called D-waste (hazardous waste contaminated with extremely low level concentrations of dioxin, less than 12 parts per billion) but did enjoin incineration of the so-called T-waste (hazardous waste contaminated with low level concentrations of dioxin, less than 50 parts per million), except for 5 days of a previously scheduled "trial burn" of T-waste, pending further proceedings.
 
 
 3
 On January 5, 1993, the district court ordered the parties to submit briefs on the issue of the incinerator performance regulation, 40 C.F.R. § 264.343(a), and held a hearing on February 12, 1993. On February 16, 1993, the district court issued an amended TRO finding that the incinerator performance regulation required the use of dioxin, not a surrogate chemical substance or Principal Organic Hazardous Constituent (POHC), and enjoined the incineration of any dioxin-contaminated hazardous wastes at the Vertac site (except for the D-wastes already being processed in the incinerator). The district court also scheduled preliminary injunction hearings, certified the regulation issue for interlocutory appeal under 28 U.S.C. § 1292(b), and denied defense motions for stay pending appeal. The amended TRO effectively shut down the incinerator.
 
 
 4
 Vertac, EPA and ADPCE immediately filed appeals and motions for stay pending appeal, for interlocutory appeal under 28 U.S.C. § 1292(b) and to expedite the appeal. On February 25, 1993, we entered a temporary stay of the amended TRO and on March 2, 1993, following oral arguments by telephone conference call and consideration of additional briefs and memoranda, entered a stay pending appeal of the amended TRO. Arkansas Peace Center v. Arkansas Department of Pollution Control & Ecology, No. 93-1447 (8th Cir. Mar. 2, 1993). We granted the motions for interlocutory appeal under 28 U.S.C. § 1292(b), expedited and consolidated the interlocutory appeals, and set the case for oral argument on March 17, 1993. We also noted that the district court had scheduled preliminary injunction hearings and requested the district court to transmit its findings of fact and conclusions of law to this court as soon as they were made.
 
 
 5
 On March 17, 1993, the district court entered a preliminary injunction barring defendants from incinerating drummed hazardous wastes which have not already been shredded in preparation for incineration at the Vertac Site.
 
 
 6
 After oral arguments on March 17, 1993, we entered a temporary stay of the preliminary injunction, which in effect continued our March 2 stay pending interlocutory appeal of the amended TRO. Defendants have since appealed the preliminary injunction (Nos. 93-1720, 93-1765 and 93-1769), and we requested supplemental briefs on whether to continue the temporary stay pending appeal of the preliminary injunction. We also expedited and consolidated the appeals, requested additional briefs, and set the case for oral argument in June 1993.
 
 
 7
 First, we note that the entry of the preliminary injunction has followed and replaced the TRO. The only issue remaining before us is the propriety of the preliminary injunction. For that reason, we dismiss the interlocutory appeals of the amended TRO as moot (Nos. 93-1447, 93-1516 and 93-1518).
 
 
 8
 We have treated the motions to continue the stay as motions for stay pending appeal in appeals Nos. 93-1720, 93-1765 and 93-1769. Defendants, as the parties seeking a stay pending appeal, must show that (1) they are likely to succeed on the merits, (2) they will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. See, e.g., Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir.1982) (per curiam). We think defendants have met this burden.
 
 
 9
 Defendants have raised serious and substantial legal issues in these appeals. Without expressing an opinion on the merits of defendants' claims on appeal, we think defendants have shown that they are likely to succeed on the merits, particularly with respect to subject matter jurisdiction and the district court's interpretation of the incinerator performance regulation. Defendants have also shown that they may suffer irreparable harm unless a stay is granted because their interests include the important public interest in protecting the environment by cleaning up hazardous waste sites. We think the district court characterized defendants' interests too narrowly and plaintiffs' interests too broadly. We also think defendants have shown that a stay will not cause substantial harm to other interested parties and will not harm the public interest. We think granting the stay, and allowing the incinerator to operate, serves the public interest because doing nothing to the thousands of drums of hazardous wastes involves substantial risks of accidental and uncontrolled releases of toxic substances into the environment, whereas incineration destroys the toxic substances. We do not underestimate the environmental problems associated with incineration, but we think defendants have shown that, particularly in light of the EPA's continuous monitoring of air quality at the Vertac site and its detailed specific risk assessment, which included the assessment of the risks of food-chain and inhalation exposure, a stay will not harm, and may in fact benefit, other interested parties and the public interest.
 
 
 10
 In sum, we conclude that the balance of equities favors defendants and that the preliminary injunction should be stayed. Accordingly, we grant the stay pending appeal of the preliminary injunction.