Rochelle **KENTOV, Regional Director of the Twelfth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,**

v.

**POINT BLANK BODY ARMOR, INC., and NDL Products, Inc., a Single Employer, Respondent.**

No. 02–61716–CV.

United States District Court, S.D. Florida.

Dec. 19, 2002.

See also 2003 WL 253063.

Jennifer Ann Burgess–Solomon, National Labor Relations Board, Miami, FL, for Rochelle Kentov, Regional Director of the Twelfth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board.

Andrew Lawrence Rodman, Joan Marie Canny, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Miami, FL, Felice Ekelman, Jackson Lewis, New York City, Christine Lynne Wilson, Jackson Lewis, LLP, Miami, FL, Stuart Newman, Jackson Lewis, Atlanta, GA, for Point Blank Body Armor, Inc., NDL Products, Inc., a single employer.

### ORDER DENYING MOTION TO DISMISS

MARRA, District Judge.

THIS CAUSE is before the Court upon Respondents' Motion to Dismiss [DE 4] and Respondents' Motion for Leave to File Supplemental Memorandum in Support of Motion to Dismiss [DE 27]. The Court has carefully considered the motions, has heard the argument of counsel at a hearing held on December 16, 2002, and is otherwise fully advised in the premises.

## I. BACKGROUND

Petitioner, Regional Director of the Twelfth Region of the National Labor Relations Board ("NLRB"), on behalf of the NLRB (hereinafter "NLRB," "Board" or "Petitioner"), seeks an injunction pursuant to 29 U.S.C. § 160(j) ("Section 10(j) of the Act"). Petitioner seeks to enjoin Point Blank Body Armor, Inc. and NDL Products, Inc. (hereinafter "Respondents") pending the final disposition of complaints of unfair labor practices allegedly committed by the Respondent during an organization campaign and certification attempt beginning in July, 2002.[1]

Respondents have moved to dismiss the petition due to lack of jurisdiction. Re-

---

1. The NLRB is hearing the Union's complaints in an administrative proceeding. An administrative law judge began a two-week hearing on December 2, 2002 that concluded on December 13, 2002.

spondents assert that the NLRB's delegation of authority to its General Counsel to initiate and prosecute the filing of such a petition under Section 10(j) was unlawful and not contemplated by Congress. Since a quorum of the NLRB did not vote to file the petition, Respondents argue that the Court has no jurisdiction to hear this case.

## II. DISCUSSION

On December 14, 2001, the NLRB, then having three members, the minimum number of members needed to conduct business, delegated "to the General Counsel full and final authority and responsibility on behalf of the Board to initiate and prosecute injunction proceedings under Section 10(j)...." 66 Fed.Reg. 65998 (December 21, 2001). This delegation would be effective during any time the Board had less than three members, and would be revoked whenever there were at least three members. *Id.* Later in December 2001, the Board had only two members when one recess appointment expired. In January 2002, two additional recess appointments were made. In August, 2002, one member resigned, and on November 22, 2002, the two January recess appointments expired when Congress adjourned. The decision to file the Section 10(j) action before this Court was approved by the General Counsel on November 26, 2002, and the case was filed in this Court on December 6, 2002. At that time, the NLRB had only one board member.[2]

Respondents argue that Section 10(j) gives authority only to the Board to decide to bring an action for injunction in a district court. Section 10(j) states that "[t]he Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court ... for appropriate temporary relief or restraining order...." 29 U.S.C.A. § 160(j) (West 2002). Respondents argue that the Board has no authority to delegate a power specifically granted to it by Congress. *See Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000).

Petitioner asserts that the statutory basis for the delegation to the General Counsel to bring a Section 10(j) action rests in Section 3(d) of the Act. In describing the responsibilities of the General Counsel, Congress stated that "[h]e shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, *and shall have such other duties as the Board may prescribe or as may be provided by law.*" 29 U.S.C. § 153(d) (emphasis added). It is this authority of the Board to delegate to the General Counsel "such other duties as the Board may prescribe" that allows the petition to be filed in this case without Board approval.

In a case directly on point, a District Court in Indiana stated that:

It is not unreasonable to assume that Congress intended that the Board might delegate to the General Counsel duties equal in importance with those expressly enumerated. Respondents also contend that the statutory scheme for a separation of powers within the administrative

---

**2.** On November 14, 2002, the Senate confirmed 5 new board members. However, the commissions for those members were not signed as of December 16, 2002.

agency supports their view that the "other duties" clause of Section 3(d) cannot be interpreted to include functions which are specifically delegated to the Board. But since these "other duties" which the Board may prescribe for the General Counsel are obviously not duties which relate to functions he already has under the statute, they necessarily are functions which are expressly or impliedly lodged with the Board.

*Evans v. International Typographical Union,* 76 F.Supp. 881, 889 (S.D.Ind.1948).[3]

The Fifth Circuit Court of Appeals, in a decision regarding the Department of Labor, cited *Evans* with approval on the issue of the proper delegation of discretionary authority. *Wirtz v. Atlantic States Construction Company,* 357 F.2d 442, 445 n. 7 (5th Cir.1966).[4] Evans was also followed on the precise issue raised in this case by *Penello v. United Mine Workers,* 88 F.Supp. 935, 937 (D.D.C.1950) and *Madden v. United Mine Workers,* 79 F.Supp. 616 (D.D.C.1948).

All of the case law relied upon by Respondents in arguing that the *Evans* case was incorrectly decided are either cases in which there was no statutory basis for the delegation or where an adjudicatory decision was delegated. *See, e.g. Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (Board overstepped authority in case not involving any delegation of authority); *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (claimant could not invoke bankruptcy statutory provision that granted right to trustee where there was no delegation of authority); *KFC National Management Corp. v. NLRB,* 497 F.2d 298, 302–03 (2nd Cir.1974) (NLRB not allowed to delegate adjudicatory decisions to personal staff attorney/advisor sitting in place of the Board member); *Flav–O–Rich v. NLRB,* 531 F.2d 358 (6th Cir.1976), *cert den.* 430 U.S. 966, 97 S.Ct. 1647, 52 L.Ed.2d 358 (1977) (use by the NLRB of chief counsels to review motions to reopen evidence in an adjudicatory proceeding was an impermissible delegation).

The case at bar is different from the situations presented in the cases cited by Respondents. There is a critical distinction between the Board delegating the authority Congress reposed in it to *grant* relief on the merits of a claim, from the delegation of its authority to *seek* relief from another adjudicative body. This is especially true, as here, where the delegation of authority to seek judicial injunctive relief is ancillary to the General Counsel's statutorily delegated authority to issue complaints alleging unfair labor practices under Section 160, and where the delegation is supported by a congressional authorization that the Board may give the General Counsel "such other duties" as it may prescribe. On the other hand, the Board could not delegate away its authority on a quasi-judicial adjudicatory decision, absent

---

**3.** There is no indication that Section 10(j) (29 U.S.C. § 160(j)) or Section 3(d) (29 U.S.C. § 153(d)) have changed since this 1948 opinion. There have been other statutory changes related to other delegations of authority by the NLRB. *See KFC National Management Corp. v. NLRB,* 497 F.2d 298, 302–03 (2nd Cir.1974).

**4.** The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

specific authorization from Congress.[5]

Respondents' reliance on the contemporaneous decision by Congress to delegate authority to regional attorneys to seek injunctions against labor unions but not, as in this case, against employers is not persuasive. While it is true that in Section 10($l$) of the Act, enacted by Congress at the same time as Section 10(j), such authority was delegated,[6] it does not follow from this disparity in congressional treatment that the Board cannot delegate Section 10(j) authority. The statutory scheme simply states that Congress *required* the delegation of Section 10($l$) authority, but such requirement does not preclude the Board from deciding whether and when to delegate Section 10(j) authority under the Board's congressional authority to delegate in Section 3(d).

### III. CONCLUSION

The Court concludes that the delegation by the Board to its General Counsel of the authority to authorize and initiate the filing of a petition for injunction pursuant to Section 10(j) of the Act is lawful. Therefore, the motion to dismiss the petition in this case is denied.

Accordingly, it is **ORDERED** AND **ADJUDGED** as follows:

1. Respondents' Motion to Dismiss [DE 4] is hereby **DENIED;**

2. Respondents' *ore tenus* Motion to Stay Pending Interlocutory Appeal of the denial of the motion to dismiss is hereby **DENIED.** The Court does not believe an immediate appeal will materially advance the ultimate termination of the litigation. This case is scheduled on a fast track, consistent with the nature of the case and the type of relief being sought. In view of the anticipated schedule for deciding the Board's Petition in this case on the merits, the Court believes an appeal should await this Court's final judgment on the Petition;

3. Respondents' Motion for Leave to File Supplemental Memorandum in Support of Motion to Dismiss [DE 27] is hereby **GRANTED.**

---

5. Such authorization is found in Section 3(b), wherein the Board may delegate such authority to a three member panel of the Board, or in decisions involving appropriate representation by particular bargaining units, to regional directors. 29 U.S.C. § 153(b) (West 2002).

6. "If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court . . . for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter." 29 U.S.C. § 160(1) (West 2002).