BENTON, Circuit Judge.
The Regional Director of the Eighteenth Region of the National Labor Relations Board (respectively, “Director” and “Board”) requested an injunction under section 10(j) of the Labor Management Relations Act, 1947, 29 U.S.C. § 160®. The district court granted the injunction. Whitesell Corporation appeals. Having jurisdiction under 28 U.S.C. § 1292(a)(1), this court vacates and remands.
I.
In 2005, Whitesell purchased a manufacturing facility in Washington, Iowa. Its production and maintenance employees were represented by the Glass, Molders, Pottery, Plastics and Allied Workers In-’ ternational Union Local 359. Whitesell agreed to abide by the collective bargaining agreement scheduled to expire on June 12, 2006.
In May 2006, Whitesell and the Union began negotiations. After eight bargaining sessions, Whitesell declared an impasse and unilaterally implemented its final offer. The Union filed unfair labor practice charges. The Director filed an administrative complaint charging that Whitesell had prematurely declared impasse, in violation of 29 U.S.C. § 158(a)(1) and (a)(5). With the Board’s authorization, the Director also sued under § 10® to enjoin Whitesell’s alleged unfair labor practices until the Board resolved the complaint. The district court granted a temporary injunction, requiring Whitesell to rescind the implemented employment terms and to bargain in good faith. Whitesell did not appeal that injunction, and the Board continued processing the charges. After initially denying enforcement, this court is considering the Board’s final order in a separately-docketed case. See NLRB v. Whitesell Corp., No. 10-2934 (8th Cir. filed Aug. 30, 2010); NLRB v. Whitesell Corp., 385 Fed.Appx. 613 (8th Cir.2010) (unpublished per curiam) (denying enforcement).
The parties continued bargaining, unsuccessfully, throughout 2007. As the end of 2007 approached, the Board had four members and one vacancy. The recess appointments of two members were set to expire at the end of the year, leaving the Board with only two members — one short of a quorum. See 29 U.S.C. § 153(b); New Process Steel, L.P. v. NLRB, - U.S. -, 130 S.Ct. 2635, 2638, 177 L.Ed.2d 162 (2010). On December 20, 2007, the four sitting members temporarily delegated to the General Counsel, effective December 28, 2007, “authority on all court litigation matters” that otherwise would require case-by-case authorization by the Board. The delegation stated that it gave the General Counsel full and final authority on behalf of the Board to “initiate and prosecute injunction proceedings under Section 10®.” See News Release R-2653, NLRB, Labor Board Temporarily Delegates Litigation Authority to General Counsel (Dec. 28, 2007).[1]
*844 In April 2009, after further bargaining, Whitesell implemented its final offer. The Director filed three more administrative complaints, alleging bad faith bargaining in violation of 29 U.S.C. § 158(a)(1) and (5). Acting on the General Counsel’s authorization rather than the Board’s, the Director petitioned the district court, which granted a second § 10(j) injunction on September 11, 2009. Whitesell appeals the order granting this injunction.
II.
Whitesell disputes the district court’s subject matter jurisdiction, asserting that the General Counsel may not sue under § 10(j). This court reviews the issue de novo. Borntrager v. Cent. States Se. & Sw. Areas Pension Fund, 577 F.3d 913, 919 (8th Cir.2009).
First, Whitesell argues that the Board may not delegate § 10(j) authority. For more than sixty years, district courts have upheld such delegations. See Kentov v. Point Blank Body Armor, Inc., 258 F.Supp.2d 1325, 1329 (S.D.Fla.2002); Penello v. Int’l Union, United Mine Workers, 88 F.Supp. 935, 937 (D.D.C.1950); Evans v. Int’l Typographical Union, 76 F.Supp. 881, 888-89 (S.D.Ind.1948). Courts of appeals have upheld the 2007 delegation at issue here. Overstreet v. El Paso Disposal, L.P., 625 F.3d 844, 852 (5th Cir.2010); Muffley v. Spartan Mining Co., 570 F.3d 534, 540 (4th Cir.2009). This court adheres to this long-established interpretation of the Labor Management Relations Act. The Board may delegate § 10(j) authority to the General Counsel.
Second, Whitesell contends that the delegation lapsed when the Board lost its quorum. The District of Columbia Circuit took this view. Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB, 564 F.3d 469, 475 (D.C.Cir.2009), cert. denied, - U.S. -, 130 S.Ct. 3498, 3499, 177 L.Ed.2d 1089 (2010). But in a separate case, the Supreme Court declined to endorse the D.C. Circuit’s position. New Process Steel, 130 S.Ct. at 2642 n. 4. Later, the Fifth Circuit held that “the General Counsel retained the § 10(j) power, despite fluctuations in the membership of the Board.” El Paso Disposal, 625 F.3d at 853-54. The Fifth Circuit’s conclusion fits with the administrative scheme of the Labor Management Relations Act. The Act’s framers “determined that the General Counsel of the Board should be independent of the Board’s supervision and review.” NLRB v. United Food & Commercial Workers Union, Local 23, 484 U.S. 112, 118, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987). Indeed, the General Counsel “ ‘is ultimately responsible to the President and Congress.’ ” Int’l Typographical Union, 76 F.Supp. at 888 n. 1, quoting H.R. Rep. 510, 80th Cong., 1st Sess., at 37 (1947) (Conf.Rep.), reprinted in 1947 U.S.Code Cong. Serv. 1135, 1143. In light of the Act’s framework and the Supreme Court’s view of Laurel Baye Healthcare, this court joins the Fifth Circuit in concluding that the delegation survived the loss of a Board quorum.
The district court had subject matter jurisdiction.
III.
Turning to the merits, this court “review[s] the District Court’s, material factual findings for clear error, its legal conclusions de novo, and the court’s equitable judgment — the ultimate decision to grant the injunction — for an abuse of discretion.” Heartland Acad. Cmty. Church v. Waddle, 335 F.3d 684, 689-90 (8th Cir.2003) (citation omitted). In this circuit, *845 district courts apply the general four-factor preliminary injunction test to § 10(j) petitions. Sharp v. Parents In Cmty. Action, Inc., 172 F.3d 1034, 1038-39 (8th Cir.1999). See also Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc) (formulating four-factor test). Section 10(j) relief “is reserved for ‘serious and extraordinary’ cases.” Parents In Cmty. Action, 172 F.3d at 1037, quoting Minnesota Mining & Mfg. Co. v. Meter, 385 F.2d 265, 270 (8th Cir.1967).
In granting or refusing an injunction, “the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.” Fed.R.Civ.P. 52 advisory committee’s note (1946) (citations omitted). “Merely indicating the factual basis for the ultimate conclusion will suffice in most cases.” SquirtCo v. Seven-Up Co., 628 F.2d 1086, 1092 (8th Cir.1980), citing United States v. Birnbach, 400 F.2d 378, 382 (8th Cir.1968).
Here, however, minimal requirements were not met. The district court’s brief document, labeled “Findings of Fact and Conclusions of Law Supporting Temporary Injunction,” presents the alleged unfair labor practices cryptically. See Appendix A to this opinion. It does not specially find facts or explain how the Director meets the requirements for an injunction. “[T]he court must find the facts specially....” Fed.R.Civ.P. 52(a)(1). “In granting or refusing an interlocutory injunction, the court must similarly state the findings ... that support its action.” Fed. R.Civ.P. 52(a)(2). This court has disapproved a similar order that, while shorter, discussed more directly how the plaintiff satisfied the injunction factors. See James River Flood Control Ass’n v. Watt, 680 F.2d 543, 544 (8th Cir.1982) (National Environmental Policy Act case; district court order attached as Appendix B to this opinion). See also Johansen v. San Diego County Dist. Council of Carpenters of United Bhd. of Carpenters & Joiners, 745 F.2d 1289, 1294 (9th Cir.1984) (§ 10(0 case) (“We must be provided with fact findings that inform us whether the hiatus injunction of primary picketing will help prevent the perpetuation of the effects of the unlawful secondary boycott. Without that information, we cannot fulfill our function of review.”).
This court vacates the district court’s order granting the § 10(j) injunction. On remand, the district court should specially make factual findings, detailing specific actions in the bargaining process and the facts underlying each element of the four-factor injunction test.
% # # # * #
The order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

. The Board had also temporarily delegated its § 10(j) power in 1947, 1993, and 2001. See Overstreet v. El Paso Disposal, L.P., 668 F.Supp.2d 988, 1001 & n. 26 (W.D.Tex.2009). The 2007 delegation was automatically revoked in April 2010 when additional members joined the Board. See News Release R-2766, NLRB, New Board ratifies the General Coun *844 sel’s litigation authority in 2008-09 (July 8, 2010).