COLLOTON, Circuit Judge,
concurring.
As the opinion of the court observes, federal courts have ruled consistently for more than sixty years that the National Labor Relations Board may delegate its authority to seek an injunction under Section 10(j) of the Labor Management Relations Act (“LMRA”), 29 U.S.C. § 1600'), to the General Counsel of the Board. See Overstreet v. El Paso Disposal, L.P., 625 F.3d 844, 852 (5th Cir.2010); Muffley v. Spartan Mining Co., 570 F.3d 534, 540 (4th Cir.2009); Kentov v. Point Blank Body Armor, Inc., 258 F.Supp.2d 1325, 1329 (S.D.Fla.2002); Penello v. Int’l Union, United Mine Workers of Am., 88 F.Supp. 935, 937 (D.D.C.1950); Evans v. Int’l Typographical Union, 76 F.Supp. 881, 888-89 (S.D.Ind.1948). Whitesell argues that all of these cases were decided *846 incorrectly, primarily because the statute describes the authority to seek an injunction as a “power” of the Board, 29 U.S.C. § 160(j), whereas the General Counsel “shall have such other duties as the Board may prescribe or as may be provided by law.” Id. § 153(d) (emphasis added). Whitesell contends that the Board may not prescribe a “duty” of the General Counsel that involves the exercise of a “power” of the Board.
The Board first delegated its Section 10(j) authority in 1947. The Board assigned this authority to its regional directors, pursuant to the Board’s rulemaking authority, see 29 U.S.C. § 156; 29 C.F.R. § 202.35 (Supp.1947), and also entered into a memorandum of understanding with the General Counsel giving him full authority to initiate and prosecute injunction proceedings under Section 10(j). See 13 Fed.Reg. 654, 655 (Feb. 13, 1948); see also Evans, 76 F.Supp. at 888 (“[A] regional director, although an appointee of the Board, is under the supervision and is a subordinate of the General Counsel. As a consequence, such a delegation of authority by the Board to the regional directors as is embodied in Rule 202.35, is, in effect, nothing less than a delegation of authority to the General Counsel.”). Although the Board repealed the standing delegation in 1955, 20 Fed.Reg. 2175 (Apr. 6, 1955), the Board temporarily delegated its Section 10(j) authority to the General Counsel in 1993, 2001, and 2007, again demonstrating its view that § 153(d) permits such a delegation. See Overstreet v. El Paso Disposal, L.P., 668 F.Supp.2d 988, 1001 & n. 26 (W.D.Tex.2009), aff'd as modified, 625 F.3d 844.
When evaluating an agency’s interpretation of a statute, the Supreme Court has instructed that “the interstitial nature of the legal question, the related expertise of the Agency, the importance of the question to administration of the statute, the complexity of that administration, and the careful consideration the Agency has given the question over a long period of time” all are factors that weigh in favor of deferring to the agency’s interpretation under the doctrine of Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Barnhart v. Walton, 535 U.S. 212, 222, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002). In light of these considerations, the Board’s interpretation of § 153(d) — a statute that it is charged with administering — is entitled to deference. Cf. Teamsters Local Union No. 523 v. NLRB, 590 F.3d 849, 850-51 (10th Cir.2009) (applying Chevron to the Board’s interpretation of its delegation authority under § 153(b)), abrogated on other grounds by, New Process Steel, L.P. v. NLRB, - U.S. -, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010). The Board’s view therefore governs if it is a reasonable interpretation of the statute. Entergy Corp. v. Riverkeeper, Inc., 556 U.S. 208, 129 S.Ct. 1498, 1505 & n. 4, 173 L.Ed.2d 369 (2009).
The textual argument advanced by Whitesell does not establish that the Board’s interpretation is unreasonable. To be sure, there may be a distinction between the terms “power” and “duty” when applied to a single officer or entity, on the view that “power” is the privilege to take an action and “duty” is an obligation to take an action. See Black’s Law Dictionary 1288 (9th ed. 2009) (defining “power” as “[t]he legal right or authorization to act or not act”); id. at 580 (defining “duty” as a “legal obligation”); cf. U.S. Const. art. II, § 1, cl. 6 (referring to the “Powers and Duties” of the President); id. amend. XXV, §§ 3, 4 (same). But “duty” also means, inter alia, “conduct due ... superiors,” Webster’s Third New International Dictionary 705 (2002), and it is not logically inconsistent for Congress to say that a *847 superior body (the Board) may task a subordinate official (the General Counsel) with the “duty” to exercise some of the Board’s “power.”
The text of the LMRA itself indicates that Congress contemplated that the Board could delegate its statutory “power” to the General Counsel. The statute provides that the General Counsel “shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe or as may be provided by law.” 29 U.S.C. § 153(d) (emphasis added). The phrase “other duties” (as opposed to “duties” alone) in the final clause of this sentence implies that the authority described in the first part of the sentence is also a “duty” of the General Counsel. Yet the authority to act “in respect of the investigation of charges and issuance of complaints under section 160” allows the General Counsel to exercise delegated “power” of the Board. Section 160(b) provides that whenever it is charged that a person has engaged in an unfair labor practice, the Board “shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect.” Id. § 160(b) (emphases added). As § 153(d) contemplates that one of the General Counsel’s “duties” is to exercise the Board’s “power” to issue complaints, the statute does not unambiguously preclude the Board from delegating other “power” when it prescribes the General Counsel’s “other duties” under the same provision. Cf. NLRB v. C & C Roofing Supply, Inc., 569 F.3d 1096, 1098 (9th Cir.2009) (noting that since 1955, the Board has delegated to the General Counsel, as one of his prescribed duties, the “power to petition any court of appeals ... for the enforcement of [an] order and for appropriate temporary relief or restraining order.” 29 U.S.C. § 160(e) (emphasis added)).
Other provisions of the United States Code show that Congress has used the term “duty” to refer to a delegated “power.” In 28 U.S.C. § 547, Congress defined the “duties” of the United States Attorney, which involve the exercise of delegated “executive Power” granted to the President by Article II, Section 1 of the Constitution. In § 7803(b) of the Internal Revenue Code, Congress directed that the Chief Counsel of the IRS “shall perform such duties as may be prescribed by the Secretary,” including “the duty ” to do each thing described in subparagraphs (A) through (E) of the section. 26 U.S.C. § 7803(b) (emphases added). Congress further provided, however, that “[i]f the Secretary determines not to delegate a power specified in subparagraph (A), (B), (C), (D), or (E),” such determination may not take effect until a 30-day waiting period expires. Id. (emphasis added). Under § 7803(b), therefore, Congress contemplated that a “power” of the Secretary could be delegated as one of the “duties” of the Chief Counsel. See also 12 U.S.C. § 2160(b) (defining “Duties” of the Federal Farm Credit Banks Funding Corporation as including the “exercise [of] such other powers as were provided to the predecessor Federal Farm Credit Banks Funding Corporation”) (emphasis added).
The statutory text thus does not forbid the Board to delegate its power to seek injunctions under Section 10(j). The Board’s interpretation of the statute is not otherwise unreasonable. Some courts have reasoned that the Board may not delegate its “adjudicatory” power to the General Counsel, see Evans, 76 F.Supp. at 889, but insofar as the distinction between “prosecutorial” and “adjudicatory” power is a line of demarcation, the Board reason *848 ably concluded that the power to seek an injunction is prosecutorial. See id. (“If the Board itself were to petition the court for such temporary relief, not only would it be performing a function of a prosecutive nature, but also it would have considered, ex parte, facts which relate to the very issues upon which the Board must ultimately pass in its quasi-judicial capacity.”); Donald J. Siegel, Section 10(j) of the National Labor Relations Act: Suggested Reforms for an Expanded Use, 13 B.C. L.Rev. 457, 459 (1972) (“The current procedure gives the Board the unfortunate opportunity both to perform a function of a prosecutive nature and to consider, ex parte, facts relating to issues which ultimately it will have to resolve in a quasi-judicial capacity.”). Neither the text nor the structure of the statute establishes that Section 10(j) defines a non-delegable adjudicative power.
With these additional views, I join the opinion of the court.