40 F.3d 324
 147 L.R.R.M. (BNA) 2773
 Joseph CELLI, Frederick Gentile, Plaintiffs-Appellants,
v.
William SHOELL, American Federation of Government Employees
National Office; American Federation of Government
Employees, AFL-CIO; John N. Sturdivant, National President;
Don Solano, 13th District National Vice President; Mike
Hurley, National Representative; American Federation of
Government Employees, Local 1592; Jon Scott Blanch,
President, Local 1592; and Harlan Francis, Defendants-Appellees.
 No. 94-4124.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 9, 1994.
 
 Joseph Celli and Frederick Gentile, pro se.
 Kevin M. Grile, Asst. Gen. Counsel, American Federation of Government Employees, AFL-CIO, Chicago, IL, Arthur Sandack, of counsel, Salt Lake City, UT, for defendants-appellees.
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Plaintiffs Joseph Celli and Fred Gentile are members of American Federation of Government Employees, AFL-CIO, Local 1592, employed at Hill Air Force Base, Utah. They appeal the district court's dismissal of their action against defendants, consisting of their national union, American Federation of Government Employees, AFL-CIO ("AFGE"), their local union, AFGE Local 1592 ("Local 1592"), and present and former union officials, including National President John N. Sturdivant, 13th District National Vice President Don Solano, National Representative Mike Hurley, Local 1592 President Jon Scott Blanch, and William Shoell and Harlan Francis. Their complaint included one federal claim based on title VII of the Civil Service Reform Act of 1978, 5 U.S.C. Secs. 7101-7135, its implementing Standards of Conduct regulations, 29 C.F.R. parts 457 and 458 (1993), and the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Secs. 401-531. The complaint also included state law claims of breach of contract, negligence, intentional infliction of emotional distress, and defamation.
 
 
 2
 Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment under Rule 56. The district court dismissed the federal claim on grounds of failure to exhaust administrative remedies and lack of subject matter jurisdiction over suits against private parties under the Civil Service Reform Act.[1] The court then dismissed the remaining claims for lack of pendent jurisdiction. We affirm on count one, the federal claim, but vacate as to counts two through five and remand for further consideration.
 
 DISCUSSION
 
 3
 I. JURISDICTION UNDER LMRDA.
 
 
 4
 Messrs. Celli and Gentile pled their federal claim under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Secs. 401-531, as well as under title VII of the Civil Service Reform Act ("CSRA"), 5 U.S.C. Secs. 7101-7135, R. Vol. I, doc. 1, pp 1, 3, 12. They alleged jurisdiction pursuant to 29 U.S.C. Sec. 412, which allows any person to bring a civil suit in district court for violations of 29 U.S.C. Sec. 411, LMRDA's "bill of rights" for labor organization members. R. Vol. I, doc. 1, at p 3.
 
 
 5
 To sue a union in district court under LMRDA, a plaintiff must allege that the union qualifies under that statute's definition of "labor organization." That definition requires, inter alia, that the organization exist "for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 29 U.S.C. Sec. 402(i). "Employer," however, is defined specifically to exclude "the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof." 29 U.S.C. Sec. 402(e). The Department of Labor and several courts have stated that LMRDA does not cover unions that represent only government workers, but it does cover those that represent only private sector workers and also so-called "mixed unions," i.e., those that deal with both public and private employers on behalf of their members concerning terms and conditions of employment.[2]
 
 
 6
 Fatal to jurisdiction under LMRDA in this case, however, is the failure of Messrs. Gentile and Celli to allege that either AFGE or Local 1592 is a LMRDA labor organization, i.e., a mixed union. Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it. United States v. Bustillos, 31 F.3d 931, 933 (10th Cir.1994); United States ex rel. Precision Co. v. Koch Indus., 971 F.2d 548, 551 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1364, 122 L.Ed.2d 742 (1993); Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991). Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction "must allege in his pleading the facts essential to show jurisdiction." Penteco, 929 F.2d at 1521 (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).[3] If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. Bustillos, 31 F.3d at 933. Plaintiffs' failure to do so prevented the district court from hearing their LMRDA claim, and the court properly held that it lacked jurisdiction. Although plaintiffs' appeal is filed pro se, their original complaint was drafted by counsel and therefore is not entitled to the liberal construction we accord pro se pleadings.
 
 
 7
 II. NO DIRECT RIGHT OF ACTION AGAINST UNIONS UNDER 5 U.S.C. Sec. 7120.
 
 
 8
 The plaintiffs argue that because section 7120 of CSRA and section 411 of LMRDA both establish a bill of rights for union members and LMRDA section 412 explicitly allows direct suit against unions in district court, the same right of action is available under--or at least not precluded by--section 7120 of CSRA. For the reasons discussed above, no LMRDA right of action is available to these plaintiffs. And CSRA clearly states that complaints under section 7120 "shall be filed with the Assistant Secretary." 5 U.S.C. Sec. 7120(d). Neither the statute nor its implementing regulations at 29 C.F.R. parts 457 and 458 create a right of action in district court. See Martinez, 980 F.2d at 1041, n. 1; Local 1219, Am. Fed'n of Gov't Employees v. Donovan, 683 F.2d 511, 515 & n. 13 (D.C.Cir.1982); Parker v. Main, 804 F.Supp. 284, 287 (M.D.Ala.1992); Laity, 766 F.Supp. at 102. Although addressed to a separate section of CSRA, the Supreme Court's reasoning in Karahalios v. National Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989), regarding a right of action against a union for the violation of the duty of fair representation is instructive here: "Had Congress intended the courts to enforce a federal employees union's duty of fair representation, we would expect to find some evidence of that intent in the statute or its legislative history. We find none." Id. at 536, 109 S.Ct. at 1288. Messrs. Celli and Gentile have no direct cause of action against the defendants under section 7120 of CSRA.
 
 III. "STATE LAW CLAIMS."[4]
 
 9
 The district court dismissed for lack of pendent jurisdiction the four counts that it deemed to be state law claims. It did not address the potential alternative basis for jurisdiction that arises from the fact that at least some of the incidents complained of appear to have taken place within a federal enclave.
 
 
 10
 Although a plaintiff must allege essential jurisdictional facts in a complaint, federal jurisdiction may be sustained on the basis of a statute not relied on or alleged in the pleadings. May v. Colorado Supreme Court, 508 F.2d 136, 137 (10th Cir.1974), cert. denied, 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). Here, it appears from the complaint that one or more of the events in question occurred at Hill Air Force Base, see, e.g., R. Vol. I, doc. 1, Ex. A at 7, 8, 15, which presumably qualifies, at least in part, as a federal enclave, thus affecting the question of federal court jurisdiction.
 
 
 11
 Whether federal enclave jurisdiction, a form of federal question jurisdiction, exists is a complex question, resting on such factors as whether the federal government exercises exclusive, concurrent or proprietarial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation. See, e.g., Willis v. Craig, 555 F.2d 724, 726 (9th Cir.1977) (remanding for district court to make a finding on whether federal enclave jurisdiction exists); Lord v. Local Union No. 2088, Int'l Bhd. of Elec. Workers, AFL-CIO, 646 F.2d 1057, 1059-60 (5th Cir.1981), cert. denied, 458 U.S. 1106, 102 S.Ct. 3483, 73 L.Ed.2d 1366 (1982); Macomber v. Bose, 401 F.2d 545, 546 (9th Cir.1968); Stokes, 265 F.2d at 665; Mater v. Holley, 200 F.2d 123, 124-25 (5th Cir.1952); Akin v. Big Three Indus., Inc., 851 F.Supp. 819, 821-22 (E.D.Tex.1994); Parker, 804 F.Supp. at 286; see also James Stewart & Co. v. Sadrakula, 309 U.S. 94, 99-100, 60 S.Ct. 431, 433-34, 84 L.Ed. 596 (1940); Chicago, R.I. & P. Ry. Co. v. McGlinn, 114 U.S. 542, 546-47, 5 S.Ct. 1005, 1006-07, 29 L.Ed. 270 (1885).
 
 
 12
 We express no opinion on whether federal enclave jurisdiction exists over the "state law claims" or whether "state law" is even applicable to any enclave involved. If the district court should decide that it does and that consideration of the preemption issue is appropriate, the court is also asked to examine whether the inclusion of 29 C.F.R. Sec. 458.2(a)(5)(c)[5] within the "bill of rights" section of the Standards of Conduct regulations under title VII of CSRA precludes a finding of preemption in this case.
 
 
 13
 For the reasons stated, we AFFIRM the district court's order and judgment as to count one, VACATE as to counts two through five, and REMAND for further proceedings consistent with this opinion.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument
 
 
 [1]
 Prior to filing in United States District Court on December 15, 1993, the plaintiffs, on November 2, 1991, had filed an administrative complaint involving similar claims with the Department of Labor, Office of Labor-Management Standards. We note a dispute in the administrative record over whether that complaint was filed against Local 1592 alone or against the national union and its officials as well. R. Vol. I, doc. 1, Ex. B at 2-6. The administrative complaint, like the district court complaint, alleges that, largely in retaliation for a previously filed election complaint, the union(s) violated the plaintiffs' rights of free speech and assembly, equal rights, and freedom from improper or retaliatory disciplinary action, under 29 C.F.R. Secs. 458.2 and 458.37. On July 21, 1993, the administrative law judge issued a recommended decision and order finding that the complainants' rights had been violated and recommending an injunction, reinstatement and punitive damages. The ALJ transferred the case to the Assistant Secretary of Labor for Labor-Management Standards for final decision, where the case remained undecided as of July 1994. See Appellants' Reply Br. at 2
 
 
 [2]
 See Martinez v. American Fed'n of Gov't Employees, 980 F.2d 1039, 1041-42 (5th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2996, 125 L.Ed.2d 690 (1993); Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 201-02 (3d Cir.1990); Hester v. International Union of Operating Eng'rs, 818 F.2d 1537, 1540-43 (11th Cir.), clarified on denial of reh'g, 830 F.2d 172 (11th Cir.1987), vacated on other grounds, 488 U.S. 1025, 109 S.Ct. 831, 102 L.Ed.2d 963 (1989), reaff'd in pertinent part, 878 F.2d 1309, 1310 (11th Cir.1989), cert. denied, 494 U.S. 1079, 110 S.Ct. 1808, 108 L.Ed.2d 939 (1990); Kinslow v. Briscoe, No. 92 C 4830, 1993 WL 72336, at * 4 (N.D.Ill. Mar. 12, 1993); Laity v. Beatty, 766 F.Supp. 92, 97-98 (W.D.N.Y.1991), aff'd without opinion, 956 F.2d 1160 (2d Cir.1992); Kennedy v. Metropolitan Suburban Bus Auth., No. 79 C 932, 1979 WL 1964, at * 2-3 (E.D.N.Y. Oct. 1, 1979); 29 C.F.R. Sec. 451.3(a)(4) (1993)
 
 
 [3]
 In Penteco, the court remanded to give the party seeking jurisdiction a chance to cure its factual pleading defects if possible. But there, the court specifically noted that it was doing so because the case had already proceeded to trial and final judgment without the potential jurisdictional defect being noticed, so a remand was appropriate in "the interests of justice, fairness and judicial economy." 929 F.2d at 1523. Here, in contrast, the case in district court was dismissed at its initial stages
 
 
 [4]
 We refer to these claims in quotation marks because if federal enclave jurisdiction applies, it is by virtue of the fact that those state laws which are effective within the enclave "lose their character as laws of the state and become laws of the Union." Stokes v. Adair, 265 F.2d 662, 665 (4th Cir.), cert. denied, 361 U.S. 816, 80 S.Ct. 56, 4 L.Ed.2d 62 (1959)
 
 
 [5]
 "Nothing contained in this section shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization." 29 C.F.R. Sec. 458.2(a)(5)(c) (1993)