101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Roy COMMER, Plaintiff-Appellant,
v.
The CITY OF NEW YORK, District Council 37, and Local 375,
Defendants-Appellees.
 No. 95-7560.
 United States Court of Appeals, Second Circuit.
 April 12, 1996.
 
 APPEARING FOR APPELLANT:Roy Commer, Staten Island, New York, pro se.
 APPEARING FOR APPELLEES:Paul A. Shneyer, Shneyer & Shen, P.C., New York, New York, for District Council 37 and Local 375.
 Barry P. Schwartz, Assistant Chief, Appeals Division, Corporation Counsel for the City of New York, New York, New York, for the City of New York.
 S.D.N.Y.
 VACATED.
 Before FEINBERG, MAHONEY and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and the case is REMANDED.
 
 
 1
 1. Plaintiff-appellant Roy Commer appeals pro se from a judgment entered May 2, 1995 that dismissed his complaint based upon alleged violations of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 141 et seq. (the "LMRA"), in connection with the implementation of a memorandum of agreement between defendants-appellees the City of New York (the "City") and District Council 37. Commer subsequently asserted violations of the Labor-Management Reporting and Disclosure Act of 1959, as amended, 29 U.S.C. § 401 et seq. (the "LMRDA"), and both the district court and the parties have recognized the LMRDA as properly invoked in this case even though it was not cited in Commer's complaint. Judge Batts granted the motions of defendants-appellees to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and subsequently denied Commer's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of the dismissal. See Commer v. City of New York, No. 94 Civ. 8462(DAB), slip op. (S.D.N.Y. Apr. 1, 1995).
 
 
 2
 2. On appeal, Commer does not challenge the dismissal of his claim under the LMRA or the dismissal of all his claims against the City, but argues that the district court erred by dismissing his claim pursuant to the LMRDA against District Council 37 and Local 375. The district court did not address the issue of subject matter jurisdiction under the LMRDA in disposing of this case. Because the proper determination of this question may depend upon resolution of a disputed factual issue (i.e., whether District Council 37 and/or Local 375 are "mixed" unions of governmental and private employees, see Celli v. Shoell, 40 F.3d 324, 327 & n. 2 (10th Cir.1994) (collecting cases); Martinez v. American Fed'n of Gov't Employees, 980 F.2d 1039, 1042 & nn. 3 & 4 (5th Cir.), cert. denied, 113 S.Ct. 2996 (1993); Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 199-202 (3d Cir.1990)), we vacate the judgment of the district court and remand to that court for consideration of subject matter jurisdiction of Commer's claim against District Council 37 and Local 375 under the LMRDA. No costs.