**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH CELLI and FREDERICK
GENTILE,

               Plaintiffs-Appellants,

v.

WILLIAM SCHOELL, American
Federation of Government Employees
National Office; JOHN
STURDIVANT, National President;
DON SOLANO, 13th District National
Vice President; MIKE HURLEY;
National Representative; LOCAL 1592
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES;
HARLAN FRANCIS; JOHN SCOTT
BLANCH, President, Local 1592;
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES --
AFL-CIO,

               Defendants-Appellees.

No. 98-4027
(D.C. No. 93-CV-158)
(D. Utah)

**ORDER AND JUDGMENT**   *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In 1993, plaintiffs commenced this litigation, asserting a

> federal claim based on title VII of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101-7135, its implementing Standards of Conduct regulations, 29 C.F.R. parts 457 and 458 (1993), and the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401-531[, as well as] state law claims of breach of contract, negligence, intentional infliction of emotional distress, and defamation.

Celli v. Shoell , 40 F.3d 324, 326 (10th Cir. 1994). The district court dismissed the federal claim for lack of subject matter jurisdiction, and the remaining state law tort claims for lack of pendent jurisdiction. See id. Although this court affirmed the dismissal of the federal law claim, we vacated the dismissal of the tort claims and remanded those claims, directing the district court to consider whether there was federal enclave jurisdiction over these claims. See id. at 328. On remand, the district court granted defendants summary judgment on these remaining claims. Plaintiffs appeal from that decision. Reviewing the district

-2-

court's summary judgment decision de novo, see Vice v. Conoco, Inc., 150 F.3d 1286, 1288 (10th Cir. 1998), we affirm.

Liberally construing their pro se appellate briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiffs do not argue that the district court's decision granting defendants summary judgment on the tort claims was in error. Rather, plaintiffs challenge only the district court's previous dismissal of their federal law claim. On remand, however, the district court properly determined that this court's earlier decision upholding the dismissal of the federal law claim foreclosed plaintiffs current arguments in support of that claim. See United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir.) (under doctrine of law of the case, appellate court's decision generally governs remand and any subsequent appeals), cert. denied, 1998 WL 440606 (U.S. Oct. 5, 1998) (No. 98-5447).

The judgment of the United States District Court for the District of Utah is, therefore, AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge

-3-