FILED
United States Court of Appeals
Tenth Circuit

December 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ASA S. FOREMAN, a/k/a Asa S. Forman,

    Plaintiff - Appellant,

v.

TERESA DELORIS ELAM, LPN, Jess
Dunn Correctional Center, in her official
and individual capacity; ROBERT
RICHARD EDDE, M.D., Jess Dunn
Correctional Center, in his official and
individual capacity; MICHELLE
LEHNUS, Medical Services Administrator,
Jess Dunn Correctional Center, in her
official and individual capacity; ROBERT
CORNEL BALOGH, M.D., Joseph Harp
Correctional Center, in his official and
individual capacity; JOEL BRENT
MCCURDY, M.D., Director of Medical
Services for the Oklahoma Department of
Corrections, in his official and individual
capacity; HEATHER HASENMEYER,
Physician Assistant at Jess Dunn
Correctional Center, in her official and
individual capacity, a/k/a Heather
Hansmeyer; J. MARLAR, M.D., in his
official and individual capacity; JONNA
PERRY, Case manager at Jackie Brannon
Correctional Center, in her official and
individual capacity; SGT. DAVID
SUMMERS, in his official and individual
capacity,

    Defendants - Appellees.
_____

No. 19-7020
(D.C. No. 6:18-CV-00071-RAW-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Through counsel, Oklahoma prisoner Asa S. Foreman appeals from the district court's Fed. R. Civ. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights complaint. Although the complaint purported to set forth numerous claims against various defendants, on appeal, Foreman challenges only the dismissal of his Eighth Amendment claims against prison nurse Teresa Elam and prison doctor Robert Edde regarding treatment he received after suffering a stroke. He therefore has abandoned all his other claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The facts underlying the claims against Elam and Edde are sparse. Early in the morning of April 27, 2016, while Foreman was incarcerated at Jess Dunn Correctional Center (JDCC), he suffered a stroke. He presented himself to Elam in the medical unit at approximately 6:45 a.m., reporting "[n]umbness on left side, slurred speech, [and] having problems with balance" and saying he thought he had a stroke. Aplt. App. at 73 n.1; *see also id.* at 80. Elam took his vital signs, which were

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

good, and she did not believe he had a stroke. She told him to lie down until Edde arrived at 8:30 a.m.

Foreman returned to his bunk to lie down, but before seeing Edde, he had another stroke. Another inmate took him back to the medical unit, where Edde examined him and then had him transported to Lindsay Municipal Hospital. The physicians at Lindsay referred Foreman to OU Medical Center, but "[a] John Doe, transportation officer/staff member informed [Foreman] that Defendant Edde had not given his approval for a trip to OU, after he had been informed that the trip was needed." *Id.* at 74. Foreman therefore returned to JDCC.

There is no indication either Elam or Edde saw Foreman at JDCC after he returned from Lindsay. Another medical staff member, however, started Foreman on aspirin, which he alleges is contraindicated for stroke patients. On April 29, he had another stroke and an aneurysm. He was transported to an emergency room and then on to St. Johns Medical Center in Tulsa, Oklahoma, where he remained in intensive care for approximately four days. After his treatment at St. Johns, he was transferred out of JDCC to another prison.

We review a Rule 12(b)(6) dismissal de novo. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). Because Foreman's district-court filings and appellate brief were drafted by counsel, we do not afford them the liberal construction we give to pro se filings. *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

Federal pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (brackets, citation, and internal quotation marks omitted). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). To establish facial plausibility, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has . . . not shown . . . that the pleader is entitled to relief." *Id.* at 679 (brackets and internal quotation marks omitted).

"*Iqbal* establishes the importance of context to a plausibility determination." *Gee*, 627 F.3d at 1185. The Supreme Court has held prison officials' "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). An Eighth Amendment claim has two prongs, one objective (the deprivation was sufficiently serious), and one subjective (the official acted with a culpable state of mind). *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). We assume the averments that Foreman suffered a stroke plausibly allege the objective prong. *See Davis v. Kayira*, 938 F.3d 910, 914

4

(7th Cir. 2019) ("Everyone agrees that [the prisoner's] stroke was an objectively serious medical condition."). That leaves the subjective prong.

In a prison-conditions case, the required culpable state of mind is "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). To be liable, an official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In the context of medical care, negligent diagnosis or treatment is not enough to demonstrate a constitutional violation. *See Estelle*, 429 U.S. at 106; *Self*, 439 F.3d at 1230. "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self*, 439 F.3d at 1232. Further, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Foreman's claim against Elam apparently is based on her failure to immediately treat him for a stroke on the morning of April 27. But the complaint establishes that Elam examined Foreman, even if only briefly, that his vital signs were good, and that she did not believe he had suffered a stroke. Thus, Elam did not completely deny care or demonstrate "an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. And the complaint fails to plead sufficient facts to establish the stroke was "so obvious that even a layman would recognize the condition." *Id.*

5

Accordingly, the complaint fails to overcome *Farmer*'s admonition a prison official cannot be liable for a "failure to alleviate a significant risk that [s]he should have perceived but did not." 511 U.S. at 838. At most, the allegations show negligent diagnosis or treatment, which is insufficient to plausibly allege the subjective component of an Eighth Amendment medical-care claim.

As for Edde, the complaint concedes he was not deliberately indifferent when he saw Foreman and sent him to Lindsay for treatment. Instead, it faults him for not approving a transfer from Lindsay to OU Medical Center. The complaint, however, does not allege any facts regarding the transfer, other than an unknown source told Foreman he was brought back to JDCC because Edde did not approve the transfer. Even assuming the complaint adequately establishes Foreman was returned to JDCC simply because of Edde's non-approval, nothing in the complaint allows the inference Edde was deliberately indifferent in not approving a transfer. Instead, the complaint presents the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" *Iqbal* disapproved, 556 U.S. at 678. At best, it raises the mere possibility of misconduct by Edde, which is insufficient to state a plausible claim. *See id.* at 678-79.

The district court's judgment is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

6