FILED
United States Court of Appeals
Tenth Circuit

December 18, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MARQUISE MILLER,

    Plaintiff - Appellant,

v.

LEGACY BANK,

    Defendant - Appellee.

No. 24-6105
(D.C. No. 5:20-CV-00946-D)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Marquise Miller, proceeding pro se, appeals the district court's grant of

summary judgment to defendant Legacy Bank on his claim under the Equal Credit

Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f, as well as two awards of

sanctions in favor of Legacy under Fed. R. Civ. P. 37(a)(5)(B).  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

Mr. Miller, an African-American, owns properties and businesses in Oklahoma City, Oklahoma. An entity he owned, Rhama Counseling, L.L.C., maintained a line of credit with Legacy. Legacy employee Chris Farris was assigned to service the Rhama account.

In 2015 Mr. Miller contacted Mr. Farris about a loan to renovate buildings on a property on N. Lottie Avenue (the Lottie Property). Mr. Farris suggested that Mr. Miller could secure a loan with liens on other property he owned in Oklahoma City, or partially secure a loan with cash Mr. Miller held at Legacy. Mr. Miller, however, wanted to secure the loan with a lien on the Lottie Property. Mr. Farris told Mr. Miller by e-mail that, after speaking with Legacy's Lending Committee, he was "unable to help with this one." R. Vol. I at 56. He stated, "[b]etween the location, scope of the rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area, the committee has declined to approve loaning funds for the rehabilitation." *Id.* Ultimately, Mr. Miller obtained a loan from another bank, secured by property other than the Lottie Property.

Mr. Miller brought an ECOA claim, alleging that Legacy denied the loan because he is African-American and the Lottie Property is in a predominantly

---

[1] Mr. Miller requests that the court take judicial notice of all adjudicative facts in his opening brief and reply brief. We deny these requests for failure to comply with Fed. R. Evid. 201(b) and (c)(2).

African-American area.[2]  The district court denied Legacy's motion to dismiss the claim, and the parties proceeded to discovery.  During discovery, Mr. Miller filed numerous motions, including three motions to compel under Rule 37(a).  The district court denied all three motions to compel and awarded Legacy sanctions under Rule 37(a)(5)(B).

Eventually, Legacy moved for summary judgment, which Mr. Miller opposed. The district court held that Mr. Miller failed to create a genuine issue of material fact as to at least two elements of an ECOA claim:  (1) that he applied for a loan, and (2) that he was a qualified borrower.  In particular, the district court determined the record failed to show that Mr. Miller moved beyond inquiring about a loan to actually applying for one or that he met Legacy's lending requirements.  It therefore granted Legacy's motion for summary judgment and entered judgment in favor of Legacy.

## DISCUSSION

Mr. Miller proceeds pro se.  "[W]e make some allowances" for pro se filings, construing them liberally and holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).[3]  But "this court has

---

[2] Mr. Miller also asserted claims under the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982, which the district court dismissed as time-barred.  On appeal he does not challenge the dismissal of those claims.

[3] Although Mr. Miller conducted most of the litigation himself, counsel entered an appearance for him soon after Legacy filed its motion for summary judgment.  We do not liberally construe the counseled response to Legacy's motion for summary judgment. *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (brackets and internal quotation marks omitted).

Mr. Miller's opening appellate brief fails to comply with Federal Rule of Appellate Procedure 28, which requires a table of contents, a table of authorities, a jurisdictional statement, and a summary of the argument. The opening brief also fails to provide a comprehensible "statement of the case setting out the facts relevant to the issues submitted for review," Fed. R. App. P. 28(a)(6). We could summarily affirm the district court's judgment for failure to comply with Rule 28 alone. *See Garrett*, 425 F.3d at 841. In consideration of a pro se litigant, however, we exercise our discretion to briefly address arguments mentioned here and in district court.

## I.    Summary Judgment

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to Mr. Miller. *See Harvest Grp., LLC v. Love's Travel Stops & Country Stores, Inc.*, 90 F.4th 1271, 1280 (10th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a)(1). We have indicated that to

4

establish a prima face claim under the ECOA, among other elements, a plaintiff must show he "applied for a loan" and that he "was qualified for the loan." *Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999). The district court held that Mr. Miller failed to show either of these elements.

The only arguments that Mr. Miller made in his response to Legacy's motion for summary judgment were that he qualified as an "applicant" under ECOA under the plain meaning of the word *apply*; he was qualified for a loan; and he need not show he was treated worse than similarly situated non-minorities. We need go no further than analyzing whether Mr. Miller created a genuine issue of material fact as to his status as an applicant under the ECOA.

The ECOA defines *applicant* as "any person who applies to a creditor directly for . . . credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). As the district court recognized, "it is only 'after receipt of a completed application for credit,' and a subsequent 'adverse action' from the creditor, that an 'applicant' may bring a private right of action." R. Vol. III at 285 (quoting 15 U.S.C. § 1691(d)(1)-(2)). A creditor has a "completed application" when the "creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 202.2(f). The district court held that

> the undisputed facts show that it is Legacy's policy to obtain and consider,
> among other things, a credit application and sufficient financial information
> to assist in the credit analysis. Despite that, [Mr. Miller] never submitted a

> credit application for any loan in 2015 and never provided current financial information to assist in the credit analysis in relation to the 2015 loan. Indeed, [Mr. Miller's] own after-the-fact statement supports the conclusion that he never formally filled out any documentation regarding the 2015 loan.

R. Vol. III at 287 (brackets, citations, and internal quotation marks omitted). We affirm for substantially the reasons stated by the district court. Even if Mr. Miller was not required to submit a formal written application, *see* 12 C.F.R. § 202.2(f) (stating that an application may be "an oral or written request"), Mr. Miller does not show that he submitted other information Legacy generally obtains and considers in connection with making a loan, such as his current financial information.

Mr. Miller's assertion that Legacy admitted certain allegations in the complaint by failing to deny them does not establish his status as an applicant as required to bring an ECOA claim. Mr. Miller also makes several other appellate arguments why he nonetheless should be considered an applicant under the ECOA. But he does not identify where he raised these arguments in the district court, and we do not see them in his response to Legacy's motion for summary judgment. Nor does he argue for plain error.[4] The arguments therefore have not been preserved for appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

---

[4] Mr. Miller's bare requests for plain-error review in post-briefing filings come too late to preserve arguments for appeal.

Because we uphold the judgment due to Mr. Miller's failure to show his status as an applicant for purposes of an ECOA claim, we need not address arguments regarding whether he qualified for a loan. Mr. Miller also makes several arguments about discovery. We review discovery rulings for abuse of discretion. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020). "An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical, and we will not overturn a discretionary judgment by the trial court where it falls within the bounds of permissible choice in the circumstances." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (brackets and internal quotation marks omitted). Having reviewed the arguments, the record, and the law, we are not persuaded that the district court abused its discretion in its discovery rulings.

## II.    Rule 37(a)(5)(B) Sanctions

Fed. R. Civ. P 37(a)(1) allows a party to file a motion to compel discovery. Mr. Miller filed three such motions, all of which the district court denied. Under Rule 37(a)(5)(B), if the court denies a motion to compel, it must assess against the movant an award of the respondent's reasonable expenses, including attorney fees, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Concluding that none of the motions was substantially justified, the district court assessed Mr. Miller with sanctions of $8,055 for the first two motions and $4,770 for the third motion. We review sanctions for abuse of discretion. *See Stenson v. Edmonds*, 86 F.4th 870, 875 (10th Cir. 2023).

Mr. Miller's second Rule 37(a) motion sought to compel Legacy to answer his interrogatories 12 through 15.  The district court held that the motion was not substantially justified because Mr. Miller's prior interrogatories included numerous subparts, so he already had exceeded the permitted number of interrogatories. Mr. Miller argues that by conditionally responding to interrogatories 1 through 11, Legacy waived all objections to those prior interrogatories.  But even if Legacy waived any objections to interrogatories 1 through 11 (and in doing so, answered more interrogatories than it may have been required to), it does not mean that it could not object to interrogatories 12 through 15, or that the district court abused its discretion in evaluating interrogatories 1 through 11 in deciding whether Legacy should have to answer interrogatories 12 through 15.

Mr. Miller also complains that although Fed. R. Civ. P. 33(a) provides that discrete subparts should be counted as separate interrogatories, it does not define *discrete subparts*.  He asserts that as a pro se litigant, it was not apparent to him how the subparts would count, particularly in light of Legacy's conditional responses to interrogatories 1 through 11.  Even granting Mr. Miller some leeway for his pro se status, however, his interrogatories included more than 100 subparts.  We agree with the district court that "[n]o reasonable person could conclude that such a number is permitted, even if 'discrete subparts' is left undefined by Rule 33."  R. Vol. III at 32.

In addition, Mr. Miller contends the amounts awarded were excessive because in a different case other attorneys in the community were awarded only $660.  A Rule 37(a)(5) award, however, must be evaluated on its own circumstances.  Here the

district court employed the lodestar method, evaluating the reasonableness of both the hourly fees and the number of hours expended. This was a proper means of assessment, and "produces a presumptively reasonable fee." *Stenson*, 86 F.4th at 879 (internal quotation marks omitted). Further, the $8,055 award was half of the originally requested amount because the district court determined that certain billing entries were insufficiently specific. Thus, "any departure from the lodestar amount benefited" Mr. Miller. *Id.* The amounts awarded were not an abuse of discretion.

Mr. Miller's remaining arguments about the Rule 37(a)(5)(B) sanctions are not substantial enough to warrant separate discussion. They do not persuade us that the district court abused its discretion.

## III.    Bias or Prejudice

Mr. Miller asserts that the district judge and the magistrate judge were prejudiced against him. He cites various rulings, particularly complaining that in one order the court noted a derogatory statement he made about the district judge. But it is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing Mr. Miller identifies rises to the "high degree of favoritism or antagonism" needed to trigger recusal. *Id.* The court is not required to ignore insulting comments. *See Garrett*, 425 F.3d at 841 ("Due to the very nature of the court as an institution, it must and does have an inherent power to impose order,

9

respect, [and] decorum . . . .  Although recognizing the leniency typically given to pro se plaintiffs, . . . [t]his court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." (internal quotation marks omitted)).

Mr. Miller also complains that the district judge should have recused himself because "a part of his son's business model is organized to profit from local [Oklahoma City] banks (such as Legacy Bank) according to his companies' website." Aplt. Opening Br. at 38 (bold text omitted).  This allegation falls far short of showing that the district judge's "impartiality might reasonably be questioned," as required for recusal under 28 U.S.C. § 455(a), or that his son has an interest in this case that would trigger recusal under § 455(b).

Any remaining allegations regarding prejudice are insufficiently briefed to preserve an appellate argument.  *See Garrett*, 425 F.3d at 841.

## CONCLUSION

We affirm the district court's judgment.  We deny Mr. Miller's motions to supplement the record, which improperly attempt to present post-briefing arguments.

Entered for the Court

Harris L Hartz
Circuit Judge

10